# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARLENE GOLDEN and KATIE GOLDEN SMITH, as parent and natural guardian of C.S., a minor, | |
| Plaintiffs, | CIVIL ACTION NO. 3:18-cv-02425 |
| v. | (SAPORITO, M.J.) |
| BRETHREN MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

## **MEMORANDUM**

This is an action by a policyholder, Arlene Golden, and her minor grandson, C.S., against Golden's automobile insurer for breach of contract and for the statutory tort of bad faith.

On December 21, 2016, the plaintiffs were involved in an automobile accident in which Golden's vehicle was struck by another, driven by non-party Melissa Stevenson. Stevenson, who was driving under the influence of alcohol at the time, crossed the double-yellow line and struck Golden's vehicle head-on, causing serious injuries to both Golden and C.S., who was a front-seat passenger in her vehicle. Based on the complaint, Golden was entirely without fault in the accident.

At the time of the accident, Golden was covered by a personal automobile insurance policy issued by the defendant, Brethren Mutual Insurance Company ("Brethren"), Policy No. PAP0040082. The policy included underinsured motorist coverage ("UIM") with a $600,000 limit of liability.[1]

On December 21, 2018—exactly two years after they were injured in the underlying automobile accident—the plaintiffs filed their two-count complaint in this action, asserting diversity jurisdiction.[2] In their first count, the plaintiffs asserted a common law claim for breach of contract, alleging that, despite Golden's compliance with all terms, conditions, and duties imposed upon her by the insurance policy, Brethren had failed to make any payments under the UIM provision of the policy. In their second count, the plaintiffs asserted a statutory claim of bad faith under 42 Pa. Cons. Stat. Ann. § 8371, based on Brethren's alleged failure to reasonably investigate and pay their UIM coverage

---

[1] The policy's stated UIM limits were actually $300,000 per person and $300,000 per accident, but Golden and her husband (her co-policyholder) had elected to retain stacked limits and insured two vehicles under the policy, increasing the effective UIM limits to $600,000 in this circumstance.

[2] The plaintiffs are Pennsylvania residents. Brethren is a Maryland company.

claims. In lieu of an answer, Brethren has filed a Rule 12(b)(6) motion to dismiss the action. (Doc. 8.) The motion is fully briefed and ripe for disposition. (Doc. 9; Doc. 20.)

I. **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[3] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

---

[3] In addition to the complaint itself, we have considered the insurance policy at issue, Policy No. PAP0040082, incorporated into the complaint by reference and submitted as an exhibit to the plaintiff's brief in opposition. (Doc. 20-3.) *See generally Gilchrist Constr. Co., LLC v.*
*(continued on next page)*

(2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. Sept. 25, 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## II. DISCUSSION

### A. Breach of Contract Claim

In Count I, the plaintiffs assert a breach of contract claim against

---

*Travelers Indem. Co.*, 358 F. Supp. 3d 583, 587–88 (W.D. La. 2019) (considering insurance policy incorporated into complaint by reference), *appeal dismissed*, No. 19-30089 (5th Cir. Mar. 7, 2019); *Ware v. Metro. Prop. & Cas. Ins. Co.*, 220 F. Supp. 3d 1288, 1290 n.2 (M.D. Ala. 2016) (same). The plaintiff has also submitted a copy of a demand letter dated October 18, 2017, in support of its response to the defendant's motion to dismiss. (Doc. 20-4.) But this material has been excluded by the Court and has not been considered in the disposition of the instant motion for dismissal. *See generally* Fed. R. Civ. P. 12(d).

Brethren based on its failure to pay UIM benefits.

"A party asserting a breach of contract claim under Pennsylvania law must demonstrate (1) the existence of a contract; (2) a breach of duty imposed by the contract; and (3) resultant damages." *Smith v. Allstate Ins. Co.*, 904 F. Supp. 2d 515, 521 (W.D. Pa. 2012). "In Pennsylvania, a duty of good faith and fair dealing is implicit in an insurance contract." *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F. Supp. 2d 404, 408 (W.D. Pa. 2011); *Smith*, 904 F. Supp. 2d at 521 (quoting *Simmons*); *see also Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 91 (3d Cir. 2000) ("[Under Pennsylvania law,] every contract has an implied term that the parties will perform their duties in good faith.").

At this stage, the parties do not dispute the existence of a contract or resultant damages. Brethren has moved to dismiss Count I of the complaint for failure to state a claim on the ground that the plaintiffs have failed to allege a breach of duty imposed by the contract. Brethren notes that the plaintiffs have failed to allege that Brethren expressly denied the plaintiff's UIM claim. Brethren argues that the mere allegation that Brethren has not paid UIM benefits is insufficient to

allege a breach of the policy.[4]

We disagree. The plaintiffs were seriously injured in an automobile accident on December 21, 2016. The complaint alleges that Golden complied with the terms of the insurance policy at issue, which included a requirement that she provide Brethren with reasonable notice of the accident and that she cooperate in its investigation of her claim. We find that we may reasonably infer from the facts alleged in the complaint that the injuries suffered by the plaintiffs were severe enough that Stevenson lacked adequate automobile insurance coverage to fully compensate the plaintiffs for their injuries. The complaint alleges that, as of its filing on December 21, 2018—two years after the plaintiffs were injured in the automobile collision at issue—Brethren had failed to make any payments whatsoever to them under the policy's UIM coverage provision.

A "fixed, permanent refusal to pay the proceeds of a policy" is not

---

[4] Brethren also relies on facts alleged only in its brief that the plaintiffs sued while it was still investigating their UIM claim, and that the plaintiffs had not provided all materials needed by Brethren to process their claim. But we may not appropriately consider these representations by counsel in examining the sufficiency of the complaint under Rule 12(b)(6). *See Stewart v. Nat'l Educ. Ass'n*, 404 F. Supp. 2d 122, 129–30 (D.C. Cir. 2005); *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 92 (D.N.J. 2011).

required "for a finding of breach of the insurer's duty of good faith; it is enough if the payment is delayed for an inordinate and unreasonable period of time . . . ." *Bodnar v. Nationwide Mut. Ins. Co.*, No. 3:12-CV-1337, 2013 WL 2147807, at *15 (M.D. Pa. May 16, 2013). Thus, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiffs, we find that the plaintiffs have stated a plausible breach of contract claim against Brethren.

**B. Statutory Bad Faith Claim**

In Count II, the plaintiffs assert a statutory bad faith claim against Brethren, brought pursuant to 42 Pa. Cons. Stat. Ann. § 8371. This statute provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take the following actions:
>
>> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>>
>> (2) Award punitive damages against the insurer.
>>
>> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371. Under Pennsylvania law,

> the term bad faith includes any frivolous or unfounded

> refusal to pay proceeds of a policy. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith. Therefore, in order to recover under a bad faith claim, a plaintiff must show (1) that the defendant did not have a reasonable basis for denying benefits under the policy; and (2) that the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim.

*Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citations and internal quotation marks omitted). Ultimately, "[t]hese two elements—absence of a reasonable basis for denying a claim under the policy and knowledge or reckless disregard of the lack of such reasonable basis—must be proven by clear and convincing evidence." *Cozzone v. AXA Equitable Life Ins. Soc. of the U.S.*, 858 F. Supp. 2d 452, 458 (M.D. Pa. 2012) (citing *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997)).

> Section 8371 encompasses a broad range of insurer conduct. For example, bad faith includes an unreasonable delay in handling claims, "a frivolous or unfounded refusal to pay, . . . [and] a failure to communicate with the insured." "Bad faith also occurs when an insurance company makes an inadequate investigation or fails to perform adequate legal research concerning a coverage issue."

*Smith*, 904 F. Supp. 2d at 524 (citations omitted, alterations in original).

As we have previously noted, the plaintiffs were seriously injured in an automobile accident on December 21, 2016. The complaint alleges that Golden complied with the terms of the insurance policy at issue, which included a requirement that she provide Brethren with reasonable notice of the accident and that she cooperate in its investigation of her claim. We find that we may reasonably infer from the facts alleged in the complaint that the injuries suffered by the plaintiffs were severe enough that Stevenson lacked adequate automobile insurance coverage to fully compensate the plaintiffs for their injuries. The complaint alleges that, as of its filing on December 21, 2018—two years after the plaintiffs were injured in the automobile collision at issue—Brethren had failed to make any payments whatsoever to them under the policy's UIM coverage provision. The complaint further alleges that, in addition to Brethren's unreasonable delay in claims handling and its unreasonable failure to pay benefits, Brethren has failed to make a reasonable settlement offer, failed to reasonably and adequately investigate their claims, and failed to reasonably evaluate or review all pertinent documentation provided by the plaintiffs in support of their claim for UIM benefits. Accepting the

facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiffs, we find that the plaintiffs have stated a plausible statutory bad faith claim against Brethren. *See Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564 (E.D. Pa. 2016).[5]

### III. CONCLUSION

For the foregoing reasons, the defendant's Rule 12(b)(6) motion to dismiss (Doc. 8) shall be denied.

An appropriate order follows.

Dated: October 24, 2019
*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

---

[5] We note that, as pleaded, the plaintiffs' statutory bad faith claim has presented a close question. *See, e.g.*, *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208–09 (E.D. Pa. 2017) (dismissing statutory bad faith claim for failure to sufficiently plead specific facts in support). But we further note that discovery in this case is complete and the parties have already participated in third-party mediation. It is our impression that this claim may be more efficiently and definitively addressed on summary judgment, or at trial, without compelling the plaintiffs to replead the claim with additional facts already well-known to both parties through their disclosure in discovery and mediation.